# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

JONATHAN RUBEN LOZANO                                            PLAINTIFF

VERSUS                           CIVIL ACTION NO. 1:08-cv-137-HSO-JMR

SHERIFF DAVID ALLISON                                          DEFENDANT

## MEMORANDUM OPINION AND ORDER

Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 on April 9, 2008. On April 11, 2008, this Court entered an Order [3] directing Plaintiff to sign and return to this Court an Acknowledgment of Receipt and Certification (Form PSP-3) or a Notice of Voluntary Dismissal (Form PSP-4), within thirty days. The Acknowledgment of Receipt and Certification (Form PSP-3), states in part,

> "[I] have read the above statements [provisions of the PLRA], and fully understand that I am obligated to pay the full filing fee, even if I do not have enough money at this time. I have read the above statements, and fully understand that if this lawsuit is dismissed on grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, I may be barred from filing further lawsuits or appeal a judgment of this Court, and I may lose up to 180 days of earned 'good time' credits, if I am confined within the Mississippi Department of Corrections."

Order [3, p. 5].

Plaintiff was warned in this Order that his failure to timely comply with the requirements of the Order or failure to advise this Court of a change of address may result in the dismissal of his Complaint. On April 28, 2008, the envelope containing the notice of assignment, informing Plaintiff of the District Judge and Magistrate Judge assigned to his case, was returned by the postal service with the notation "return to sender". However, there has been no returned mail as to the Order [3] of

April 11, 2008. Therefore, Plaintiff has failed to comply with the Court Order [3].

On June 10, 2008, an Order [5] was entered directing Plaintiff to show cause, on or before June 24, 2008, why this case should not be dismissed for his failure to timely comply with the Court's April 11, 2008 Order. In addition, Plaintiff was directed to comply with the April 11, 2008 Order by filing the required documentation, on or before June 24, 2008. The show cause Order warned Plaintiff that failure to timely comply with the requirements of the Order or failure to advise this Court of a change of address would lead to the dismissal of his Complaint, without further notice. On June 17, 2008, the envelope containing this Court's Order [5] entered on June 10, 2008, was returned to this Court from the postal service with the notation "return to sender." Plaintiff did not comply with the Court's Order and failed to keep this Court informed of his address.

This Court has the authority to dismiss an action for Plaintiff's failure to prosecute under Fed.R.Civ.P.41(b) and under its inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *See Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id.* at 629-30.

Plaintiff has not provided a forwarding address nor has he contacted this

Court since April 9, 2008. The Court concludes that dismissal of this action for Plaintiff's failure to prosecute under FED.R.CIV.P.41(b) is proper. Since Defendants have never been called upon to respond to Plaintiff's pleading, and have never appeared in this action, and since the Court has never considered the merits of Plaintiff's claims, the Court's order of dismissal will provide that dismissal is without prejudice. *See Munday/Elkins Auto. Partners, LTD. v. Smith*, No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

IT IS, THEREFORE, ORDERED AND ADJUDGED that Plaintiff's Complaint shall be dismissed without prejudice. A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

SO ORDERED, this the 9th day of July, 2008.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE